IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL #183459
        Plaintiff             :

        v.                     :   CIVIL ACTION NO. JFM-09-1309
                                (Consolidated with JFM-09-1351)

HETTY CHARLENE TRENUM, et al.   :
        Defendants

## **MEMORANDUM**

On May 15, 2009, plaintiff Gregory Marshall filed a civil rights action seeking injunctive relief mandating he be provided with a high-calorie diet,[1] psychotropic medications and evaluation by a psychiatrist employed with the Maryland Department of Health and Mental Hygiene (DHMH).[2]  Counsel for contractual health care defendants Trenum and Tessema and counsel for Warden Morgan have provided court-ordered responses which are construed both as responses to the injunctive relief requests and as motions for summary judgment.  Paper Nos. 5 and 9.  Plaintiff was provided an opportunity to oppose those responses (Paper No. 7),[3] and has done so, indicating that full examination by a DHMH psychiatrist is necessary in order for plaintiff to show his entitlement to same.[4]  Paper No. 11.   For reasons set forth herein, plaintiff's requests for injunctive relief shall be denied, and defendants' motion for summary judgment will be granted without a hearing.  *See* Local Rule 105.6 (D. Md. 2008).

---

[1] Plaintiff began receiving a high-calorie diet on May 27, 2009.  Paper No. 5, Exhibit 3.  His request for injunctive relief concerning his diet has been rendered moot.

[2] Plaintiff complains that despite suicidal ideation  he has been kept in regular housing.  He then complains that he is in the Suicide Observation Housing unit in an isolation cell known as the "Ice Box."  Paper No. 1 at 1, 4 and  6-8.  He provides no information as to the approximate dates of these cell assignments or how long he was housed on each assignment.  For that reason, the complaints concerning housing and the "Ice Box" will not be addressed here.  The court notes that plaintiff  recently filed a new civil rights action concerning the "Ice Box."  *See Marshall v. Friend*, Civil Action No. JFM-09-2154 (D. Md.).

[3] See *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

[4] The parties' extension requests (Paper Nos. 8 and 10) shall be granted nunc pro tunc.

In this circuit the standard for granting injunctive relief is well established under the balancing-of-hardship analysis set forth in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977).  To warrant preliminary injunctive relief, the moving party must demonstrate: (1) a likelihood he will be irreparably harmed if the preliminary injunction is denied; (2) the likelihood defendants will not be harmed if the requested relief is granted; (3) the likelihood he will succeed on the merits; and (4) that the public interest will be served if the injunction is granted.  *See Blackwelder*, 550 F.2d at 195-96; *see also Rum Creek Coal*, 926 F.2d 353, 359 (4th Cir. 1991).[5]  The failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny injunctive relief.  *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992).  The required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Id.*; *see also In re Microsoft Corporation Antitrust Litigation*, 333 F.3d 517, 530 (4th Cir. 2003).

A prisoner is entitled to receive reasonable treatment for his serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97 (1976).  Failure to provide treatment, when indicating a "deliberate indifference to serious medical needs of prisoners" results in "the 'unnecessary and wanton infliction of pain,'...proscribed by the Eighth Amendment." *Id.* at 104.  Deliberate indifference is shown by establishing that the defendant had actual knowledge or awareness of an

---

[3]        The *Direx Israel* Court emphasized that "[t]he 'likelihood of irreparable harm to the plaintiff' is the first factor to be considered in this connection." *Direx Israel*, 952 F.2d at 812. If the plaintiff makes "a 'clear showing' of irreparable injury absent ... injunctive relief," a district court must then balance the likelihood of irreparable harm to the plaintiff without an injunction against the likelihood of harm to the defendant with an injunction. *Id.*; *Blackwelder,* 550 F.2d at 195. Then, if a decided imbalance of hardship appears in the plaintiff's favor, the plaintiff need not show a likelihood of success; plaintiff need only show that grave or serious questions are presented by plaintiff's claim. *Blackwelder,* 550 F.2d at 195-96; *see also James A. Merritt & Sons v. Marsh,* 791 F.2d 328, 330 (4th Cir.1986) ("when the balance of harm decidedly favors the plaintiff, he is not required to make a strong showing of a likelihood of success...."). Further, the district court should also consider the public interest. *Blackwelder,* 550 F.2d at 196.

obvious risk to a plaintiff's serious medical need and failed to take steps to abate that risk.  *See generally, Farmer v. Brennan*, 511 U.S. 825 (1994); *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101 (4th Cir. 1995).  An inmate also has an Eighth Amendment right to be free from deliberate indifference to serious psychiatric needs.  *See Comstock v. McCray*, 273 F.3d 693, 702 (6th Cir. 2001).  There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart.  *See Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977).  An inmate is entitled to such treatment if a "[p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id*.  The *Bowring* court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id*. at 48.   As previously noted, even if the inmate shows that he was denied psychological or psychiatric treatment, he must also demonstrate that the failure or refusal to provide treatment constituted deliberate indifference on behalf of medical personnel.

The record reveals that plaintiff has access to mental health evaluation and treatment at his present place of confinement, Western Correctional Institution.  The court is aware that plaintiff deems the treatment rendered within the Division of Correction inappropriate; indeed, he recently has litigated such claims.  In *Marshall v. Lynn, et al.,* Civil Action No. JFM-07-2711 (D. Md.) (consolidated with JFM-08-221 (D. Md.)), the undersigned found plaintiff had received adequate medical and mental health treatment despite his intentional efforts to thwart same by inflicting injury on himself.  I further noted that:

> [Plaintiff's] attempts to manipulate prison classification staff and psychologists by harming himself in order to merit long-term commitment to CMHC-J may in fact be a facet of his mental illness. Medical experts, however, have documented why such commitment is not necessary and have concluded that plaintiff can be housed elsewhere if compliant with his medication regimen. Nothing more is constitutionally required. Further, no evidence exists to support plaintiff's claims of retaliation and conspiracy.

The records provided demonstrate that mental health experts at WCI currently are attempting to control plaintiff's conduct using behavior modification, rather than psychotropic medications. At most, plaintiff disagrees with these efforts. An Eighth Amendment violation based on deliberate indifference to his medical needs, however, has not been demonstrated. Furthermore, his claim of retaliation must be supported by more than conclusory terms. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

There is simply no showing that plaintiff must be provided the drugs he seeks or that he be evaluated by "outside" psychiatric personnel. Injunctive relief shall be denied and this case closed by way of a separate order.

/s/
J. Frederick Motz
United States District Judge